

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ~~UNDER SEAL~~ |
| v. | Case No. 1:18-CR-30 |
| DONNELL LEROY WILLIAMS,<br>    a/k/a "Bub,"<br>    a/k/a "Bubs,"<br>    a/k/a "Bubbles,"<br>    a/k/a "Bubba,"<br>    (Counts 1-4) | Count 1: 21 U.S.C. § 846<br>(Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances) |
| ANTONIO DONNELL SHELTON,<br>    a/k/a "Little Bubbles,"<br>    a/k/a "Lil B,"<br>    a/k/a "B,"<br>    a/k/a "Bub,"<br>    a/k/a "Bub's Boy,"<br>    a/k/a "D,"<br>    (Count 1) | Counts 2-3: 21 U.S.C. § 841(a)(1)<br>(Distribution of Controlled Substances)<br><br>Count 4: 18 U.S.C. § 924(c)(1)(A)<br>(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)<br><br>Forfeiture: 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c) |
| DEMETRIUS ANTONIO JOHNSON,<br>    a/k/a "Bake,"<br>    a/k/a "Big Boy,"<br>    a/k/a "Demetrius Black,"<br>    a/k/a "Uber,"<br>    (Count 1)<br><br>    Defendants. | |

## SECOND SUPERSEDING INDICTMENT

June 2018 Term – at Alexandria, Virginia

Count One

(Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances)

THE GRAND JURY CHARGES THAT:

From in and around 2016, and continuing to on or about the date of this Second

Superseding Indictment, the exact dates being unknown to the Grand Jury, within the Eastern District of Virginia, and elsewhere, the defendants, DONNELL LEROY WILLIAMS ("WILLIAMS"), also known as "Bub," also known as "Bubs," also known as "Bubbles," also known as "Bubba;" ANTONIO DONNELL SHELTON ("SHELTON"), also known as "Little Bubbles," also known as "Lil B," also known as "B," also known as "Bub," also known as "Bub's Boy," also known as "D;" and DEMETRIUS ANTONIO JOHNSON ("JOHNSON"), also known as "Bake," also known as "Big Boy," also known as "Demetrius Black," also known as "Uber," did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with each other and others, both known and unknown to the Grand Jury, to commit the following offenses against the United States:

1. To unlawfully, knowingly, and intentionally distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], propanamide ("fentanyl"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

2. To unlawfully, knowingly, and intentionally distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and

3. To unlawfully, knowingly, and intentionally distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## Ways, Manner, and Means to Accomplish the Conspiracy

The primary purpose of the conspiracy was to make as much money as possible through the distribution of Schedule I and Schedule II controlled substances in the Eastern District of Virginia and elsewhere. The ways, manner, and means by which WILLIAMS, SHELTON, JOHNSON, and their co-conspirators carried out the primary purpose of the conspiracy included, but were not limited to, the following:

1. It was part of the conspiracy that WILLIAMS obtained controlled substances from one or more sources of supply.

2. It was further part of the conspiracy that WILLIAMS routinely distributed controlled substances, including fentanyl, heroin, and crack cocaine, to drug customers at locations in Virginia, Maryland, and Washington, D.C.

3. It was further part of the conspiracy that WILLIAMS maintained an apartment in Prince George's County, Maryland. WILLIAMS stored controlled substances, including fentanyl, crack cocaine, cocaine, and marijuana, in a spare bedroom in the apartment. WILLIAMS also stored digital scales, baggies, and other drug paraphernalia in the apartment.

4. It was further part of the conspiracy that WILLIAMS kept a semi-automatic handgun and ammunition at his apartment in Prince George's County, Maryland.

5. It was further part of the conspiracy that WILLIAMS had several individuals who worked with him distributing controlled substances, including his son, SHELTON, and JOHNSON.

6. It was further part of the conspiracy that if WILLIAMS was unavailable, he directed his drug customers to contact his co-conspirators, including SHELTON and JOHNSON,

to purchase controlled substances.

7. It was further part of the conspiracy that SHELTON and JOHNSON distributed controlled substances, including fentanyl and heroin, to drug customers at locations in and around Washington, D.C. and Maryland. SHELTON also distributed crack cocaine.

8. It was further part of the conspiracy that SHELTON had a key to WILLIAMS' apartment in Prince George's County, Maryland. SHELTON also had a key to the spare bedroom inside WILLIAMS' apartment where WILLIAMS stored controlled substances and drug paraphernalia. At times, SHELTON obtained controlled substances from the spare bedroom inside WILLIAMS' apartment, and SHELTON distributed controlled substances to drug customers inside the apartment.

9. It was further part of the conspiracy that WILLIAMS, SHELTON, JOHNSON, and their co-conspirators derived money from their unlawful activities.

10. It was further part of the conspiracy that WILLIAMS, SHELTON, JOHNSON, and their co-conspirators used cellular telephones to communicate with each other and customers to coordinate drug transactions.

11. It was further part of the conspiracy that WILLIAMS, SHELTON, JOHNSON, and their co-conspirators traveled interstate to facilitate the distribution of controlled substances.

12. It was further part of the conspiracy that WILLIAMS, SHELTON, JOHNSON, and their co-conspirators used motor vehicles to transport controlled substances.

13. It was further part of the conspiracy that after WILLIAMS was arrested, on or about November 7, 2017, JOHNSON continued to sell controlled substances to drug customers.

## Overt Acts

In furtherance of the conspiracy and to effect the objects thereof, WILLIAMS, SHELTON, JOHNSON, and their co-conspirators committed overt acts in the Eastern District of Virginia and elsewhere, including, but not limited to, the following:

1. On or about May 18, 2017, in Prince George's County, Maryland, WILLIAMS and a co-conspirator, James Coleman Brown ("BROWN"), also known as "JB," distributed approximately 0.8137 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, to an undercover police officer (hereinafter, the "UC"), in exchange for $120 in official government funds.

2. On or about May 24, 2017, in Prince George's County, Maryland, WILLIAMS distributed approximately 1.6764 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, to the UC, in exchange for $240 in official government funds.

3. On or about June 9, 2017, in Prince George's County, Maryland, WILLIAMS distributed approximately 13.84 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, to the UC, in exchange for $1,500 in official government funds.

4. On or about June 22, 2017, in Arlington County, Virginia, within the Eastern District of Virginia, WILLIAMS distributed approximately 14.88 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, to the UC, in exchange for $1,500 in official government funds.

5. On or about July 10, 2017, in Arlington County, Virginia, within the Eastern District of Virginia, WILLIAMS distributed approximately 27.88 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, to the UC, in exchange for $2,500 in official government funds.

6. On or about August 1, 2017, in Prince George's County, WILLIAMS distributed approximately 52.63 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, to the UC, in exchange for $4,500 in official government funds.

7. On or about August 23, 2017, in Prince George's County, Maryland, WILLIAMS distributed approximately 29.68 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, to the UC, in exchange for $2,500 in official government funds.

8. On or about September 19, 2017, in Prince George's County, Maryland, WILLIAMS and BROWN distributed approximately 28.21 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, to the UC, in exchange for $2,500 in official government funds.

9. On or about September 28, 2017, in Prince George's County, Maryland, WILLIAMS and BROWN distributed approximately 242.48 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, to the UC, in exchange for $20,000 in official government funds.

10. On or about November 7, 2017, in Prince George's County, Maryland, WILLIAMS distributed approximately 468.2 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, to the UC, in exchange for $40,000 in official government funds.

11. On or about November 7, 2017, in Prince George's County, Maryland, WILLIAMS possessed with the intent to distribute approximately 7.0864 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, at which time he was arrested by law enforcement officers.

12. On or about November 7, 2017, in Prince George's County, Maryland, SHELTON was present inside of WILLIAMS' apartment when federal agents arrived to execute a search warrant. Before federal agents entered the apartment, SHELTON carried a quantity of controlled substances from the spare bedroom to the bathroom, and SHELTON disposed of, and attempted to dispose of, a quantity of controlled substances by flushing the controlled substances down the toilet.

13. On or about November 7, 2017, when federal agents executed the search warrant at WILLIAMS' apartment in Prince George's County, Maryland, SHELTON possessed approximately $1,244 in United States Currency on his person. He possessed two (2) $50-dollar bills, fifty-two (52) $20-dollar bills, four (4) $10-dollar bills, eleven (11) $5-dollar bills, and nine (9) $1-dollar bills.

14. On or about November 7, 2017, in Prince George's County, Maryland, WILLIAMS and SHELTON possessed with the intent to distribute controlled substances inside of WILLIAMS' apartment, including approximately 193.6689 grams of fentanyl, approximately

87.96 grams of crack cocaine, approximately 7.51 grams of cocaine, and approximately 400 grams of marijuana. WILLIAMS and SHELTON also possessed several packages of Suboxone.

15. On or about November 7, 2017, in Prince George's County, Maryland, WILLIAMS and SHELTON possessed drug paraphernalia inside of WILLIAMS' apartment, including at least four digital scales, several packages of plastic baggies, and at least four razor blades.

16. On or about November 7, 2017, underneath the mattress of the bed in the master bedroom of his apartment in Prince George's County, Maryland, WILLIAMS possessed a Smith & Wesson, .380 caliber, semi-automatic handgun. WILLIAMS also possessed six rounds of .380 caliber ammunition, and a Smith & Wesson six-round magazine.

(All in violation of Title 21, United States Code, Section 846)

## Count Two

(Distribution of a Controlled Substance)

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 22, 2017, in Arlington County, Virginia, within the Eastern District of Virginia, the defendant, DONNELL LEROY WILLIAMS, also known as "Bub," also known as "Bubs," also known as "Bubbles," also known as "Bubba," did unlawfully, knowingly, and intentionally distribute approximately 14.88 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1))

## Count Three

(Distribution of a Controlled Substance)

THE GRAND JURY FURTHER CHARGES THAT:

On or about July 10, 2017, in Arlington County, Virginia, within the Eastern District of Virginia, the defendant, DONNELL LEROY WILLIAMS, also known as "Bub," also known as "Bubs," also known as "Bubbles," also known as "Bubba," did unlawfully, knowingly, and intentionally distribute approximately 27.88 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl], propanamide ("fentanyl"), a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1))

## Count Four

(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about November 7, 2017, in Prince George's County, Maryland, the defendant, DONNELL LEROY WILLIAMS, also known as "Bub," also known as "Bubs," also known as "Bubbles," also known as "Bubba," did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute controlled substances as set forth and charged in Count One of this Second Superseding Indictment.

(In violation of Title 18, United States Code, Section 924(c)(1)(A))

## FORFEITURE NOTICE

THE GRAND JURY FINDS PROBABLE CAUSE THAT:

Pursuant to Federal Rule of Criminal Procedure 32.2:

1. If the defendants, DONNELL LEROY WILLIAMS ("WILLIAMS"), also known as "Bub," also known as "Bubs," also known as "Bubbles," also known as "Bubba;" ANTONIO DONNELL SHELTON ("SHELTON"), also known as "Little Bubbles," also known as "Lil B," also known as "B," also known as "Bub," also known as "Bub's Boy," also known as "D;" and DEMETRIUS ANTONIO JOHNSON ("JOHNSON"), also known as "Bake," also known as "Big Boy," also known as "Demetrius Black," also known as "Uber," are convicted of the violations charged in Counts 1-3 of this Second Superseding Indictment, the defendants shall forfeit to the United States any property constituting, or derived from, any proceeds defendants obtained, directly or indirectly, as a result of such violations; and any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations. This property includes, but is not limited to: (a) a money judgment of at least $35,360, representing the minimum amount of proceeds derived from the commission of Counts 1-3, to be partially satisfied by approximately $1,244 seized from SHELTON on or about November 7, 2017; (b) four digital scales; (c) plastic baggies; and (d) four razor blades.

2. If the defendant, WILLIAMS, is convicted of Count 4 of this Second Superseding Indictment, the defendant shall forfeit to the United States all firearms and ammunition involved in or used in such violation. This property includes, but is not limited to: (a) a Smith & Wesson, .380 caliber, semi-automatic handgun, serial number KEA2446; (b) a Smith & Wesson six-round magazine; and (c) six rounds of gold-colored .380 caliber ammunition.

3. Pursuant to Title 21, United States Code, Section 853(p), the defendants, WILLIAMS, SHELTON, and JOHNSON shall forfeit substitute property, up to the value of the amount described in paragraph 1, above, if, by any act or omission of the defendants, the property, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred to, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(Pursuant to 18 U.S.C. § 924(d); 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).)

A TRUE BILL

Pursuant to the E-Government Act,,
The original of this page has been filed
under seal in the Clerk's Office

FOREPERSON

G. Zachary Terwilliger
UNITED STATES ATTORNEY

By: _____
J. Tyler McGaughey
Assistant United States Attorney
David A. Peters
Special Assistant United States Attorney (LT)