IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.

DONNELL LEROY WILLIAMS,
a/k/a "Bub,"
a/k/a "Bubs,"
a/k/a "Bubbles,"
a/k/a "Bubba,"

ANTONIO DONNELL SHELTON,
a/k/a "Little Bubbles,"
a/k/a "Lil B,"
a/k/a "B,"
a/k/a "Bub,"
a/k/a "Bub's Boy,"
a/k/a "D,"

Defendants.

Case No. 1:18-CR-30

The Honorable Claude M. Hilton

Trial Date: July 17, 2018

**TRIAL MEMORANDUM**

COMES NOW the United States of America, by and through G. Zachary Terwilliger, United States Attorney, J. Tyler McGaughey, Assistant United States Attorney, and David A. Peters, Special Assistant United States Attorney (LT), and tenders the following memorandum.

1. **Immunity for Witnesses at Trial:**

The government intends to offer in its case-in-chief the testimony of ten individuals who purchased controlled substances from Donnell Williams and Antonio Shelton. The government anticipates that these witnesses will testify that Donnell Williams was their main source of supply for narcotics. The government also anticipates they will testify that when Mr. Williams was not available, he would instruct them to contact his son, Antonio Shelton, who would sell

the drugs in his stead. The government further anticipates that the witnesses will testify that the drugs provided by Mr. Williams and Mr. Shelton were the same type and quality, that they were packaged identically, sold at the same places where they met Mr. Williams, and for the same prices. The government further anticipates that some of these witnesses will also testify that they purchased drugs from Mr. Shelton inside Mr. Williams' apartment.

These witnesses have all testified in the grand jury. Several have done so pursuant to "use immunity" letters from the United States Attorney's Office. All ten witnesses have been informed that they are not the targets of any federal investigation. Nevertheless, the witnesses have admitted facts that are potentially incriminating. As such, the United States has applied, through the Department of Justice, for authorization to seek testimonial immunity for these witnesses at trial should they elect to invoke their Fifth Amendment privileges during direct examination. Undersigned counsel has been informed that the letters authorizing our office to request orders of compulsion from the Court are forthcoming.

At this point, no witness has indicated an intent to refuse to testify. However, undersigned counsel brings this matter to the Court's attention so that it is aware prior to trial.

2. **<u>Stipulations:</u>**

The government has proposed three stipulations to streamline the progress of the trial. The first is a stipulation concerning the admissibility, authenticity, foundation, and proper chain of custody of the drug exhibits. Throughout 2017, the government engaged in controlled purchases with Mr. Williams on May 18, and 24, June 9 and 22, July 10, August 1 and 23, September 19 and 28, and November 7. The final controlled purchase on November 7, 2017, ended with Mr. Williams' arrest, wherein an additional baggie containing suspected narcotics was found near his person. Additionally, the government executed a search warrant at Mr. Williams' apartment, 5700 16th Ave., Hyattsville, Maryland, on November 7, 2017. This

resulted in the seizure of additional suspected controlled substances. All suspected controlled substances were tested at the Drug Enforcement Administration's (DEA) Mid-Atlantic Laboratory in Largo, Maryland. Seven different laboratory technicians performed the tests (seventeen in total) that are relevant to nineteen separate exhibits. The government has subpoenaed these witnesses and is prepared to call them in its case-in-chief if necessary. However, the government has proposed to stipulate to the admissibility, authenticity, foundation, and proper chain of custody for this evidence. On July 10, 2017, counsel for Mr. Williams and Mr. Shelton informed the government that they would not agree to the proposed stipulation.

The second is a stipulation concerning whether a firearm recovered from Mr. Williams apartment was in fact a "firearm" as defined in Title 18, United States Code, Section 921(a)(3). The November 7, 2017, search at Mr. Williams' apartment resulted in the discovery of a Smith & Wesson .380 caliber handgun. A Federal Bureau of Investigation Toolmark and Firearms Expert tested the handgun to confirm it met the statutory definition of a firearm found Section 921(a)(3). On July 10, 2017, the government and counsel for the defendants agreed to a stipulation that this handgun meets that definition.

Third is a stipulation concerning the admissibility, authenticity, foundation, and proper chain of custody of evidence seized from Mr. Williams' apartment and photographs of the apartment taken during the execution of the search warrant. The evidence includes eight drug exhibits, seven additional items of physical evidence (firearm, magazines, ammunition, digital scales, packaging materials, and cellular telephone—seized from Mr. Shelton who was in the apartment when it was searched), and fifty-four photographs taken during the search. The government is prepared to call the witnesses necessary to introduce this evidence, which will include five law enforcement agents. However, the government proposed a stipulation to the admissibility, authenticity, foundation, and proper chain of custody. This would allow the

evidence to be identified at trial by the seizing agent, who would be available for cross-examination. On July 10, 2018, counsel for Mr. Williams and Mr. Shelton indicated that they would not agree to the proposed stipulation.

The laboratory reports for the drug exhibits were produced in discovery on a rolling basis as they became available. The defense has been in possession of these exhibits for several months. The same is true of the reports detailing the conduct of the search of the apartment and the identification of the items seized therein.

Neither Mr. Williams' nor Mr. Shelton's defense have moved to suppress any of the evidence seized during the execution of the search warrant,[1] nor have they moved to suppress any of the drug evidence that was tested by the DEA laboratories. Therefore, it is difficult to imagine why they would wish to consume the Court's time by requiring the government to call as many as twelve witnesses whose testimony could be quickly covered by the stipulations without jeopardizing the defendants' likely strategies at trial.

Respectfully Submitted,

G. Zachary Terwilliger
United States Attorney

By: /s/

J. Tyler McGaughey
Assistant United States Attorney
David A. Peters
Special Assistant United States Attorney (LT)
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3700
Fax: (703) 299-3982

[1] On July 5, 2018, Mr. Shelton moved to suppress the contents of his cellular telephone, which was seized during the execution of the search warrant at the apartment. Dkt. No. 104. In his motion, he specifically states that he has no issue with the seizure of the device, only with the alleged intrusion prior to the issuance of the search warrant authorizing its forensic examination. Dkt. No. 104 at 3.

Tyler.McGaughey@usdoj.gov
David.Peters@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record. I provided an electronic copy of this motion to Counsel for the defendants.

_____/s/____________________
David A. Peters
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
David.Peters@usdoj.gov