IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>)<br>)<br>) |
| v. | ) Criminal No. 1:18-CR-30<br>)<br>) |
| DONNELL LEROY WILLIAMS, | )<br>) |
| Defendant. | ) |

**ORDER**

THIS MATTER comes before the Court on Defendant's Motion for Compassionate Release for Extraordinary and Compelling Circumstances Pursuant to 18 U.S.C. § 3582(c)(1)(A), or in the alternative, for transfer to home confinement pursuant to the CARES Act.

On May 25, 2017, Defendant plead guilty to conspiracy to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 841. On November 20, 2018, the Court sentenced Defendant to 240 months' imprisonment, 10 years of supervised release, and a forfeiture of assets as outlined in the plea agreement. By counsel, Defendant filed the instant motion for compassionate release. Defendant argues that if he were to contract COVID-19 he would be more likely to die because of his advanced age and certain underlying health conditions. The presentence report does indicate

that Defendant is asthmatic, has high blood pressure, diabetes, and has suffered two heart attacks.

Defendant is currently incarcerated at FCI Gilmer and has served roughly 31 months of his sentence. He argues that he is at a particularly high risk of exposure to COVID-19 because of the facility's dense inmate population and because there are currently five inmates housed there that have tested positive for COVID-19. Defendant has not filed any request for compassionate release or for a transfer to home confinement with the Warden of FCI Gilmer.

The compassionate release provision in 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court may not modify a term of imprisonment except that:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that (i) extraordinary and compelling reasons warrant such a reduction[.]

The purpose of the statutorily-mandated exhaustion period is clear: to provide the Bureau of Prisons with the first opportunity to evaluate a prisoner's request. Undoubtedly it is the Bureau of Prisons, not the Court, that is better positioned to evaluate the totality of Defendant's request, assess the health risks unique to the Defendant and the spread of contagion in the facility where he

2

is confined, and consider whether home confinement is appropriate. The Court also finds that the recent passage of the CARES Act, which temporarily broadened the Bureau of Prison's power under 18 U.S.C. § 3624(c)(2) to release inmates to home confinement, lends further support to the proposition that the Bureau of Prisons is better suited to evaluate these requests, at least in the first instance.

Here, Defendant has failed to file a request for compassionate release with the Warden of FCI Gilmer. Although Defendant argues that the Court should waive the 30-day exhaustion period in 18 U.S.C. § 3582(c)(1)(A)(i) and rule on the merits of his motion without having to first file a request with the Warden of FCI Gilmer, the Court disagrees. The Bureau of Prisons must be provided the opportunity to first evaluate these requests, and Defendant's failure to exhaust the administrative remedies available to him deprives this Court of jurisdiction over this motion. The Defendant must submit a request for compassionate release and pursue his administrative remedies at FCI Gilmer, where he is currently confined. For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion for Compassionate Release is DENIED.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 12, 2020